1  ANDREW H. BAKER, SBN 104197
   BEESON, TAYER & BODINE, APC
2  1404 Franklin Street, 5th Floor
   Oakland, CA 94612-3208
3  Telephone:  (510) 625-9700
   Facsimile:  (510) 625-8275
4  Email:      abaker@beesontayer.com»

5

   Attorneys for Plaintiff
6  Teamsters Local 853

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         AT SAN FRANCISCO

11 TEAMSTERS LOCAL 853,              ) Case No. C08-02464 EDL
                                     )
12              Plaintiff,           )
                                     ) EXECUTED WAIVER OF SERVICE OF
13      v.                           ) SUMMONS
                                     )
14 J. C. PAPER,                      )
                                     )
15              Defendant.           )

AO 440 (Rev. 03/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the

Northern District of California

E-filing

| TEAMSTERS UNION LOCAL 853 | ) |
|---|---|
| Plaintiff | ) |
| v. | ) Civil Action No. C08-02464 ED EDL |
| J.C. PAPER | ) |
| Defendant | ) |

**Summons in a Civil Action**

To:   J.C. PAPER
          *(Defendant's name)*

A lawsuit has been filed against you.

    Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                                      Richard W. Wieking
                                                                                    Name of clerk of court

Date:   MAY 1 4 2008
                                                                                    Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

Clear Form

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, David A. Leporiere, Esq. ◻, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Teamsters Local 853 v. J. C. Paper ,
(CAPTION OF ACTION)

which is case number C08-02464 EDL in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after May 19, 2008 ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

June 6, 2008                    _/s/_____
(DATE)                           (SIGNATURE)

Printed/Typed Name: David A. Leporiere, Esq.

As  Attorney              of  J. C. Paper
   (TITLE)                   (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.