David A. Leporiere (State Bar No. 148571)
LAW OFFICES OF DAVID A. LEPORIERE
2377 Gold Meadow Way, Suite 100
Gold River, California 95670
Telephone: (916) 526-2850
Facsimile: (916) 526-2851

Attorneys for Defendant
J.C. PAPER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMSTERS UNION LOCAL 853,<br><br>               Plaintiff,<br><br>v.<br><br>J.C. PAPER,<br><br>               Defendant. | Case No. C08-02464<br><br>**ANSWER** |

Defendant J.C. PAPER hereby responds to and answers the Complaint filed by Plaintiff herein.

### JURISDICTION

1. In response to paragraph 1 of Plaintiff's Complaint, Defendant hereby admits that this court has jurisdiction to hear this matter.

### VENUE (INTRADISTRICT ASSIGNMENT)

2. In response to paragraph 2 of Plaintiff's Complaint, Defendant hereby admits that venue is appropriate in the Northern District of California.

## PARTIES

3. In response to paragraph 3 of the Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny such allegations.

4. In response to paragraph 4 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

5. In response to paragraph 5 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

## CLAIM FOR RELIEF

6. In response to paragraph 6 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

7. In response to paragraph 7 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

8. In response to paragraph 8 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

10. In response to paragraph 10 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

11. In response to paragraph 11 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

13. In response to paragraph 13 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

14. In response to paragraph 14 of Plaintiff's Complaint, Defendant hereby admits that it sought to introduce evidence it obtained after Jimmy Negrette's termination, which was

relevant to the issues presented at the arbitration on January 23, 2008. Defendant further admits that Arbitrator Riker sustained Local 853's objection to the introduction of said evidence. Defendant denies the allegation that Arbitrator Riker "left open the option for JC Paper to introduce such evidence during the remedial phase of the arbitration, if the Arbitrator ruled in favor of the Union on the just cause question". Arbitrator Riker ruled that JC Paper *would be* entitled to introduce the "after-acquired" evidence at a subsequent hearing prior to making a ruling on a remedy should he find in favor of the Union on the issue of just cause for the original termination.

15. In response to paragraph 15 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

16. In response to paragraph 16 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

17. In response to paragraph 17 of the Plaintiff's Complaint, Defendant hereby denies the allegations contained therein. Pursuant to Arbitrator Riker's April 2, 2008 decision (Plaintiff's Exhibit A) Defendant reinstated Negrette effective July 17, 2007. Defendant then terminated Negrette for conduct and actions that were not within the jurisdiction of Arbitrator Riker and that were not addressed at the arbitration hearing on January 23, 2008.

18. In response to paragraph 18 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

19. In response to paragraph 19 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

20. In response to paragraph 20 of Plaintiff's Complaint, Defendant hereby denies in part and admits in part the allegations contained therein. During the April 16, 2008 conference call, JC Paper took the position that Negrette had been reinstated and then terminated for conduct and behavior not subject to Arbitrator Riker's jurisdiction because said conduct and behavior was not contained in the grievance giving rise to the arbitration heard by Arbitrator Riker. Therefore, Defendant denies that it took the position that "Arbitrator Riker did not have

jurisdiction over JC Paper's refusal to reinstate Negrette" since JC Paper's position is that it did reinstate Negrette. Defendant admits that the Union took the position that JC Paper has refused to reinstate Negrette and that Arbitrator Riker retains jurisdiction over the issue of reinstatement. Defendant further admits that Arbitrator Riker asked the parties to attempt to come to an agreement on the jurisdictional dispute.

21. In response to paragraph 21 of Plaintiff's Complaint, Defendant hereby admits the allegations contained therein.

22. In response to paragraph 22 of Plaintiff's Complaint, Defendant denies that Arbitrator Riker ruled in the Union's "favor. The Defendant admits to the remainder of the allegations in said paragraph.

23. In response to paragraph 23 of Plaintiff's Complaint, Defendant denies that it has refused to reinstate Negrette. However, Defendant admits that it will not submit to arbitrator Riker any grievance arising out of the termination described in the April 14, 2008 letter, inasmuch as that matter is not subject to arbitration at this time as other procedural steps required by the contract between the Union and J.C. Paper have not het been completed.

24. In response to paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

25. In response to paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

26. In response to paragraph 26 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSE

27. As and for Defendant's First Affirmative Defense, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to establish any cause of action.

28. As and for Defendant's Second Affirmative Defense, Defendant alleges that Plaintiff's claim(s) are barred by the doctrine of res judicata.

29. As and for Defendant's Third Affirmative Defense, Defendants alleges that Plaintiff's claim(s) are barred by the doctrine of laches.

WHEREFORE, J.C. PAPER prays for judgment as follows:

1. That the Court denies Plaintiff the relief requested;
2. That the Court enters judgment dismissing the Complaint;
3. That J.C. PAPER be awarded costs and attorneys' fees incurred herein; and
4. That J.C. PAPER be awarded such other and further relief as the Court may deem just and proper.

DATED: July 16, 2007                LAW OFFICES OF DAVID A. LEPORIERE


                                    /s/ David A. Leporiere
                            By:     DAVID A. LEPORIERE
                                    Attorney for J.C. PAPER