ANDREW H. BAKER, SBN 104197
BEESON, TAYER & BODINE, APC
1404 Franklin Street, 5th Floor
Oakland, CA 94612-3208
Telephone: (510) 625-9700
Facsimile: (510) 625-8275
Email: abaker@beesontayer.com

Attorneys for Plaintiff
Teamsters Union Local 853

DAVID A. LEPORIERE, ESQ.
LAW OFFICES OF DAVID A. LEPORIERE
2377 Gold Meadow Way, Suite 100
Gold River, CA 95670
Telephone: (916) 526-2850
Facsimile: (916) 526-2851
Email: dleporiere@rcip.com

Attorneys for Defendant
J.C. Paper

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**AT SAN FRANCISCO**

| TEAMSTERS UNION LOCAL 853, | Case No. C08-02464 EDL |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Hearing Date: August 19, 2008 |
| J. C. PAPER, | Hearing Time: 10:00 am. |
| | Courtroom: Courtroom E, 15th Floor |
| Defendant. | Judge: Elizabeth D. Laporte |
| | Complaint Filed: May 14, 2008 |
| | Trial Date: None set |

1. <u>Jurisdiction and Service</u>: The Court has jurisdiction over this action pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a). Defendant has been served.

2. <u>A brief description of the events underlying the action</u>: The Complaint seeks an order compelling arbitration in an ongoing labor dispute between the parties. The parties are subject to a collective bargaining agreement ("the CBA") containing a grievance-arbitration clause for the resolution of disputes arising under the CBA. The parties submitted to Arbitrator William Riker

Plaintiff's grievance under the CBA protesting Defendant's discharge of employee Jimmy Negrette. Arbitrator Riker issued an award sustaining the grievance in part, and retaining jurisdiction "for the purpose of resolving any issues that may occur as a result of the implementation of the decision and award." Defendant thereafter issued a second discharge notice to Negrette, which Plaintiff disputes. Plaintiff asserts that the dispute over the second discharge is subject to Arbitrator Riker's retained jurisdiction, and should be resolved by him. Defendant asserts the second discharge is a separate matter not subject to Arbitrator Riker's retained jurisdiction, and has refused to submit the dispute over the second discharge to Arbitrator Riker. Plaintiff has filed this action to obtain an order compelling Defendant to present the dispute over the second discharge to Arbitrator Riker pursuant to the arbitrator's retained jurisdiction.

3.      Legal Issues: The dispute here is over a mixed question of law and fact, and it involves the correct application of the arbitrator's retained jurisdiction to the pertinent facts which are largely if not entirely undisputed. Plaintiff asserts that because Arbitrator Riker retained jurisdiction over remedial disputes arising out of his award, his award is not "final" and thus subject to confirmation in court. See *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373 (9th Cir. 1987). Rather, Plaintiff asserts, this is a matter for the Court to enforce the parties' agreement to arbitrate, which in this instance means submitting the dispute over the second discharge to the agreed-upon arbitrator, Arbitrator Riker, pursuant to Arbitrator Riker's retained jurisdiction. See, *Union Switch & Signal Division American Standard v. United Electrical Local 610*, 900 F.2d 608 (3rd Cir. 1990). Defendant asserts the facts demonstrate that the second discharge does not fall within Arbitrator Riker's retained jurisdiction, and that Defendant should not be compelled to submit disputes over the second discharge to Arbitrator Riker absent Defendant's consent to utilize Arbitrator Riker for this dispute.

4.      Motions: No prior or pending motions. The parties anticipate resolution of this Complaint through cross motions for summary judgment.

5.      Amendment of Pleadings: No amendments anticipated. The parties propose a deadline of November 1, 2008, for amending the pleadings.

6. <u>Evidence Preservation</u>: Counsel for the parties have agreed to speak with their respective clients to ensure that appropriate steps are taken to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>: Full disclosure of the relevant arbitration documents and correspondence pertinent to this case has been made in the context of the underlying arbitration and correspondence arising out of it.

8. <u>Discovery</u>: No discovery has been taken to date. The parties anticipate resolution of this Complaint through cross motions for summary judgment without the necessity of resorting to formal discovery. Should discovery be necessary:

**Discovery Limits**
| | | |
|---|---|---|
| **Depositions:** | Pltf. 10 | Def. 10 |
| **Interrogs.:** | Pltf. 25 | Def. 25 |
| **Doc. Req.:** | Pltf. 5 | Def. 5 |
| **Req. Adm.:** | Pltf. 10 | Def. 10 |

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiff seeks an order compelling Defendant to submit the parties' dispute over Defendant's second discharge of Jimmy Negrette to Arbitrator Riker for final and binding resolution pursuant to the arbitrator's retained jurisdiction.

12. <u>Settlement and ADR</u>: The parties have fully explored settlement, and the parties agree that ADR options have been effectively exhausted, and settlement is unlikely. Nonetheless, the parties are scheduled for an ADR Phone Conference on August 15, 2008.

13. <u>Consent to Magistrate Judge for All Purposes</u>: Both parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: The parties anticipate resolution of this Complaint through cross motions for summary judgment.

16. <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures. Yes.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| **Non-Expert Discovery Cut-off:** | Discovery requests must be served before the cut-off date, which shall be 120 days before trial. |
| **Designation of Experts**: | Pltf. & Def.:  90 days before trial. |
| **Expert Discovery Cut-off:** | 30 days before trial. |
| **Dispositive Motions –** | |
|   Last Day for Hearing: | 90 days before pretrial conference date. |
| **Pretrial Conference:** | April 14, 2009 |
| **Trial:** | April 28, 2009 |

18. <u>Trial</u>: Whether the case will be tried to a jury or to the Court and the expected length of the trial.  One day bench trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:  Plaintiff and Defendant have certified that, other than the named parties, there is no such interest to report.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.  None.

Dated:  August 11, 2008                                BEESON, TAYER & BODINE, APC

                                                           By:        s/s Andrew H. Baker
                                                                    ANDREW H. BAKER
Attorneys for Teamsters Union Local 853

Dated:  August 11, 2008                                LAW OFFICES OF DAVID A. LEPORIERE

                                                       By:        s/s David A. Leporiere
                                                            DAVID A. LEPORIERE
Attorneys for J.C. Paper